UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JASON DEAN BORDEN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>OFFICER SEXTON,<br>FEDERAL BUREAU OF PRISONS,<br>FEDERAL PRISON INDUSTRIES,<br>UNITED STATES OF AMERICA, and<br>UNICOR,<br><br>　　　　Defendants. | Civil Action No.<br>19-cv-12306-MPK |

## ORDER

**KELLEY, M.J.**

　　　　Pro se plaintiff Jason Dean Borden ("Borden") is a prisoner serving a sentence at Federal Medical Center – Devens. On November 6, 2019, Borden filed this action without paying the $400 filing and administrative fee, or seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. A party bringing a civil action must either: (1) pay the $350 filing fee and the $50 administrative fee[1], *see* 28 U.S.C. § 1914(a), or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915. Because Borden is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at

---

[1] The $50 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. *See* Judicial Conference Fee Schedule.

which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[2] In addition, a prisoner must be denied *in forma pauperis* status if such prisoner has "on three or more prior occasions, an action . . . dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief can be granted," (the so-called "three strike" rule).  28 U.S.C. § 1915(g). If a prisoner has "three strikes," such prisoner may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." *Id.*

Here, Borden appears to be a "three-strikes" litigant. Borden has filed numerous cases in the United States courts, at least three of which have been dismissed. The Court identifies two actions where dismissal was for failure to state a claim upon which relief can be granted and one action which was dismissed as frivolous. *See Borden v. Bullock*, Civ. No. 1:09CV-P114-R, Order, ECF No. 6 (W.D. Ky. Feb. 25, 2010) (Russell, J.) (dismissing action "with prejudice for failure to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915A(b)(1)."); *Borden v. U.S. District Court*, Western District of Kentucky, Civ. No. 1:08-cv-P132-M, Order, ECF No. 22 (W.D. Ky. Sept. 9, 2009) (McKinley, J.) (dismissing action "as frivolous pursuant to 28 U.S.C. §1915A(b)(1) with prejudice."); and *Borden v. Watt et al.*, Civ. No. 1:08CV-P167-M, Order, ECF No. 22 (W.D. Ky. Aug. 28, 2009) (dismissing action "with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may

---

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  If eligible for *in forma pauperis* status, the Court directs the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

be granted."). Copies of these orders are attached. *See* 28 U.S.C. § 1915(g).  There are no allegations of imminent danger of serious physical injury.

Accordingly, Borden shall, **by December 4, 2019**, either: (1) pay the filing and administrative fee of $400, or (2) file a motion to proceed *in forma pauperis,* along with his prison account statement. To the extent Borden files a motion to proceed *in forma pauperis*, he shall show cause why such status is not barred by 28 U.S.C. § 1915(g). For the convenience of litigants, this Court uses a form application to seek leave to proceed *in forma pauperis*. The Clerk is directed to provide plaintiff with the form Application to Proceed in District Court Without Prepaying Fees or Costs. Failure to comply with this Order will likely result in dismissal of this action by a United States District Judge.

**So Ordered.**

    /s/ M. Page Kelley
M. Page Kelley
Dated: November 15, 2019    United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**JASON DEAN BORDEN**                                              **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 1:09CV-P114-R**

**LINDA DIXON BULLOCK**                                **DEFENDANT**

### ORDER

For the reasons set forth in the Memorandum Opinion entered this date and being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED** with prejudice for failure to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915A(b)(1).

There being no just reason for delay in its entry, this is a final Order.

The Court **certifies** that an appeal *in forma pauperis* would not be taken in good faith for the reasons set forth in the Memorandum Opinion. *See* 28 U.S.C. § 1915(a)(3).

Date:


cc:      Plaintiff, *pro se*
           Defendant
4413.009

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**JASON DEAN BORDEN**                                                                                    **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 1:08-CV-P132-M**

**U.S. DISTRICT COURT, WESTERN DISTRICT OF KY.**            **DEFENDANT**

### ORDER

For the reasons set forth in the Memorandum Opinion entered this date and being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

All pending motions are **DENIED as moot**.

There being no just reason for delay in its entry, this is a final Order.

The Court **certifies** that an appeal *in forma pauperis* would not be taken in good faith for the reasons set forth in the Memorandum Opinion. *See* 28 U.S.C. § 1915(a)(3).

Date:

cc:     Plaintiff, *pro se*
4413.009

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JASON DEAN BORDEN**                                                            **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:08CV-P167-M**

**PAT WATT**                                                            **DEFENDANTS**
**JACKIE T. STRODE**

## **ORDER**

      For the reasons set forth in the Memorandum Opinion entered this date and being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

      There being no just reason for delay in its entry, this is a final order.

      The Court **certifies** that an appeal *in forma pauperis* would not be taken in good faith for the reasons set forth in the Memorandum Opinion. *See* 28 U.S.C. § 1915(a)(3).

Date:

cc:     Plaintiff, *pro se*
         Defendants
         Warren County Attorney
4413.009